IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2015 FEB -6  P 1: 55
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

REBECCA BRADLEY, by and through her
Next friend, JUNE CARLTON,

          Plaintiff

vs.

CAUSE NO. 2:15-cv-104

SSC MONTGOMERY SOUTH HAVEN
OPERATING COMPANY LLC D/B/A
SOUTH HAVEN HEALTH AND
REHABILITATION CENTER, ET AL.

          Defendants

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, SSC Montgomery South Haven Operating Company LLC d/b/a South Haven Health and Rehabilitation Center, hereby gives notice of the removal of the above entitled action, which is filed as Civil Action Number: 03-CV-2015-900031.00 in the Circuit Court of Montgomery County, Alabama, from said court to the United States District Court for the Middle District of Alabama. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### CIVIL ACTION REMOVED

1.    Civil Action Number: in the Circuit Court of Montgomery County, Alabama, which is styled, 03-CV-2015-900031.00 *"Rebecca Bradley, by and through her Next Friend, June Carlton v. SSC Montgomery South Haven Operating Company, LLC, d/b/a/ South Haven Health and Rehabilitation Center, et al."* is a civil action that was filed on January 7, 2015. The Plaintiff alleges that on January 9, 2013, the Defendants committed medical negligence in

1

allowing her to fall and suffer a fractured hip while a resident at the nursing home, South Haven Health & Rehabilitation Center.

## DIVERSITY OF CITIZENSHIP

2.      The Plaintiff alleges that she is an adult resident and citizen of the State of Alabama.

3.      Citizenship of the various actual Defendants in this case is as follows:

Again, the alleged incident, a fall resulting in a fractured hip, occurred on January 9, 2013. Prior to undergoing an upper level organizational change on October 11, 2013, the residencies of the Defendants were as follows: SSC Montgomery Operating Company LLC was a Delaware limited liability company. Its sole equity member was SSC Submaster Holdings LLC, a Delaware limited liability company. SSC Submaster LLC's sole equity member was SSC Equity Holdings LLC, a Delaware limited liability company. SSC Submaster Holdings II LLC's sole equity member was also SSC Equity Holdings, LLC. SSC Equity Holdings, LLC's sole equity member was SavaSeniorCare LLC, a Delaware limited liability company. SavaSeniorCare, LLC's sole equity member was SVCare Holdings LLC, a Delaware limited liability company. SVCare Holdings LLC's sole equity member was Canyon Sudar Partners, LLC, a limited liability company. Canyon Sudar Partners LLC had two members, Leonard Grunstein and Murray Forman. Mr. Grunstein is a citizen of New Jersey, and Mr. Forman is a citizen of New York.

SavaSeniorCare Administrative Services, LLC's sole equity member was SavaSeniorCare, LLC, a Delaware limited liability company. SavaSeniorCare, LLC's sole equity member was SVCare Holdings LLC, a Delaware limited liability company. SVCare Holdings LLC's sole equity member was Canyon Sudar Partners, LLC, a Delaware limited

2

liability company. Canyon Sudar Partners LLC had two members, Leonard Grunstein and Murray Forman. Mr. Grunstien is a citizen of New Jersey, and Mr. Forman is a citizen of New York.

After undergoing the upper level organizational change on October 11, 2013, the residencies of the Defendants are as follows: SSC Montgomery South Haven Operating Company, LLC's sole member is Alabama Holdco, LLC, a Delaware limited liability company. The sole member of Alabama Holdco, LLC is SSC Equity Holdings, LLC, also a Delaware limited liability company. The sole member of SSC Equity Holdings, LLC is Master Tenant Parent Holdco, LLC, a Delaware limited liability company. The sole member of Master Tenant Parent Holdco, LLC is SavaSeniorCare, LLC, also a Delaware limited liability company. The sole member of SavaSeniorCare, LLC is Proto Equity Holdings, LLC, a Delaware limited liability company. The sole member of Proto Equity Holdings, LLC is Terpax, Inc., a Delaware corporation whose principal place of business is located in Atlanta, Georgia.

SavaSeniorCare Administrative Services, LLC's sole member is Admin Parent Holdco, LLC, a Delaware limited liability company. The sole member of Admin Parent Holdco, LLC is SavaSeniorCare, LLC, also a Delaware limited liability company. The sole member of SavaSeniorCare, LLC is Proto Equity Holdings, LLC, a Delaware limited liability company. The sole member of Proto Equity Holdings, LLC is Terpax, Inc., a Delaware corporation whose principal place of business is located in Atlanta, Georgia.

Trecy Milhouse, a resident of Selma, Alabama, who was sued in her capacity as the alleged administrator of South Haven Health and Rehabilitation Center, was fraudulently named as a Defendant to the Complaint in order to prevent removal. Trecy Milhouse did not become

South Haven's administrator until September 26, 2013, several months after the incident in question occurred. *See* **Exhibit A**.

SavaSeniorCare, Inc., National Senior Care, Inc., and SVCare Holdings, Inc. are not, and have never been a part of the corporate structure of SSC Montgomery South Haven Operating Company, LLC and are not proper parties herein. However, upon information and belief, these entities are incorporated in Delaware and have their principal places of business in Atlanta, Georgia. Also upon information and belief, at the time of this filing, these entities have not been served.

4. An LLC is a citizen of every state in which one of its members is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). *See also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."); accord *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006); *see also General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Based on the corporate structures set out above, both before and after the October 11, 2013, organizational change, SSC Montgomery South Haven Operating Company, LLC, as well as all of the other Defendant LLCs, are diverse from the Plaintiff.

5. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F. 3d 1284, 1287 (11th Cir. 1998). The joinder of a non-diverse party is fraudulent in three circumstances: (1) where there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) where there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1281. When a non-diverse defendant is named solely to defeat federal diversity jurisdiction, "the presence of the non-diverse defendant" must be ignored and "any motion to remand the matter back to state court" must be denied. *Headwaters, LLC ex rel Head v. Dawes Lake, LLC*, 2013 WL 4519198 at ¶2-3 (S.D. Ala., August 26, 2013) citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997). A federal court may appropriately assert its removal diversity jurisdiction over the case. *Id.* In this case, Ms. Milhouse was fraudulently joined as the sole incident alleged in the complaint occurred on January 9, 2013, approximately eight (8) months before Ms. Milhouse became South Haven Health and Rehabilitation Center's administrator. *See* **Exhibit A.** Therefore there is no possibility that the Plaintiff can prove a cause of action against the nondiverse resident defendant Trecy Milhouse.

6. A corporation is a citizen of any state where it is incorporated and where it has its principal place of business. *Turner v. Sedgwick Claims Management Services, Inc.*, 2015 WL 225495, ¶ 10 (N.D. Ala., January 16, 2015) citing 28 U.S.C. 1391(c)(2). Therefore, upon information and belief, SavaSeniorCare, Inc., National Senior Care, Inc., and SVCare Holdings, Inc. are citizens of Delaware and Georgia.

7. SSC Montgomery South Haven Operating Company, LLC does business as "South Haven Health and Rehabilitation Center".

8. Fictitious defendants are disregarded for purposes of diversity jurisdiction. *E.g., Walker v. CSX Transp., Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011) (discussing 28 U.S.C. § 1441(a) which provides: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded."). Therefore, any fictitious defendants named in this case, have no bearing on this Court's diversity jurisdiction.

9. SSC Montgomery South Haven Operating Company LLC's residency is set out above, and it is not a resident of Alabama. SSC Montgomery South Haven Operating Company LLC, as the licensee and operator, is the only business entity responsible for the day to day operations at the facility in question. It is responsible for hiring, screening, training, and monitoring the staff at the facility, as well as, addressing issues related to staffing and medical care at the facility.

10. The Plaintiff is a resident of Alabama, and none of the Defendants are residents of Alabama with the exception of the fraudulently joined Trecy Milhouse. Therefore, there is complete diversity of citizenship between the parties as defined by 28 U.S.C. § 1322(a)(1).

**FACTS AND CONTROVERSY SUPPORTING JURISDICTIONAL AMOUNT**

11. Plaintiff's Complaint (which is attached as part of **Exhibit B**) alleges medical negligence on the part of SSC Montgomery South Haven's Operating Company LLC, and seeks damages for Rebecca Bradley's death.

12. The Complaint seeks recovery for the alleged negligence which Plaintiff contends resulted in causing her to fall and break her hip. Although the Complaint seeks an undisclosed

6

amount of damages, the clear wording of the Complaint and the fact that punitive damages are sought, establishes that the amount in controversy exceeds $75,000, exclusive of cost and interests. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

13.  Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## TIMELINESS OF REMOVAL

14.  The first of the served Defendants was served with process on January 7, 2015. Therefore, thirty days have not elapsed since the removing Defendants were served with process or first became aware that federal jurisdiction exists, and Defendant's removal is timely as required by 28 U.S.C. § 1446(b).

15.  All Defendants join in this removal. Upon information and belief, SavaSeniorCare, Inc., National Senior Care, Inc., and SVCare Holdings, Inc. would also join in this removal.

## COPIES OF STATE COURT PROCEEDINGS

16.  Pursuant to 28 U.S.C. §1446(a), the Defendants attach hereto as **Exhibit B** and incorporates herein by reference, a true and correct copy of all process, pleadings and orders served upon these Defendants on file in Civil Action Number: 03-CV-2015-900031.00 in the Circuit Court of Montgomery County, Alabama.

## NOTICE TO THE STATE COURT

17.  The Defendant will immediately file with the Circuit Court of Montgomery County, Alabama, a true and correct copy of this Notice, thereby effecting removal of this action to this

Court. As per 28 U.S.C. § 1446(d), no further proceedings shall be had in the Circuit Court of Montgomery County, Alabama.

### NOTICE TO PLAINTIFF

18. Pursuant to 28 U.S.C. § 1446(d), and consistent with the Certificate of Service, the Plaintiff is being provided with a copy of this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, Defendant SSC Montgomery South Haven Operating Company LLC d/b/a South Haven Health and Rehabilitation Center respectfully prays that this Court will receive this Notice of Removal, place it upon the docket of this Court, and that the Circuit Court of Montgomery County, Alabama will proceed no further in this action unless and until this matter is remanded.

Respectfully submitted, this the 5th day of February, 2015.

        SSC MONTGOMERY SOUTH HAVEN
        OPERATING COMPANY LLC D/B/A SOUTH
        HAVEN HEALTH & REHABILITATION
        CENTER

        HAGWOOD ADELMAN TIPTON, PC

        BY: /s/ Michael E. Phillips
            Michael E. Phillips (ASB-5994-L72P)

OF COUNSEL:

Michael E. Phillips, Esquire
Hagwood Adelman Tipton PC
One LeFleur's Square
4735 Old Canton Road, Suite 111
P. O. Box 14188
Jackson, MS  39236-4188
Telephone: (601) 608-6300
Facsimile: (601) 362-3642
Email: mphillips@hatlawfirm.com

Hunter C. Carroll, Esquire
Hagwood Adelman Tipton PC
2000 SouthBridge Parkway, Suite 601
Birmingham, AL  35209-1303
Telephone: (205) 380-2208
Facsimile:  (205) 380-2209
Email: hcarroll@hatlawfirm.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this the 5th day of February, 2015, do hereby certify that I have this day caused to be served via United States Mail, postage fully prepaid, a true and correct copy of the above and foregoing *Notice of the Removal* to the following:

> Greg Foster, Esquire (greg@stewartandstewart.net)
> Stewart and Stewart, P.C.
> 1826 3rd Avenue North, Suite 300
> The Realty Building
> Bessemer, AL  35020

This the 5th day of February, 2015.

_____
Michael E. Phillips (ASB-5994-L72P)