ELECTRONICALLY FILED
1/7/2015 9:56 PM
03-CV-2015-900031.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| REBECCA BRADLEY, by and through her next friend, JUNE CARLTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV-2015-_____ |
| | ) |
| SSC MONTGOMERY SOUTH HAVEN OPERATING COMPANY LLC D/B/A SOUTH HAVEN HEALTH AND REHABILITATION CENTER, a company; SAVASENIORCARE, INC., a corporation; SAVASENIORCARE, L.L.C., a company; SAVASENIORCARE ADMINISTRATIVE SERVICES, L.L.C., a company; NATIONAL SENIOR CARE, INC., a corporation; SVCARE HOLDINGS, LLC, a company; SVCARE HOLDINGS, INC., a company; SSC EQUITY HOLDINGS, LLC; a company; SSC SUBMASTER HOLDINGS, LLC; a company; SSC SUBMASTER HOLDINGS, II, LLC, a company; CANYON SUDAR PARTNERS, L.L.C., a company; TRECY MILHOUSE, an individual; and all fictitious defendants listed herein: | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**FICTITIOUS DEFENDANTS 1-50,** whether singular or plural, plaintiff hereby intending to designate the entity or those entities, including persons who or which had any role in the decisions related to the levels of staff, amount of supplies, medication selection, dosage, care, administration of medication, treatment, diet, and/or feeding of REBECCA BRADLEY, the turning, repositioning, transferring, moving, and/or the providing of mental and/or physical assessment of/for Plaintiff, reporting of change in Plaintiff's condition, addressing physical and/or mental needs of REBECCA BRADLEY, providing toileting assistance or lack thereof and/or the general treatment or care given to REBECCA BRADLEY; **DEFENDANTS 51-100,** whether singular or plural, plaintiff hereby intending to designate the entity or those entities, including persons, including but not limited to any physician, nurse, student, intern, resident, fellow, therapist, technician, worker, practitioner, assistant, pharmacist, pharmacist in training or anyone else responsible for the care, treatment or monitoring of Plaintiff, whose negligence, wantonness or other wrongful conduct caused or contributed to cause the occurrence made the basis of Plaintiff's complaint; **DEFENDANTS 101-125,** whether singular or plural, plaintiff hereby intending to designate the entity or those entities, including persons who failed to properly care and treat for REBECCA BRADLEY and in turn caused or contributed to him to being injured, including, but not limited to, his dehydration, infection on his ankle/foot and sepsis; **DEFENDANTS 126-140,** whether singular or plural, plaintiff hereby intending to designate the entity or entities, including

persons who or which treated Plaintiff or should have treated Plaintiff during the time made the basis of plaintiff's complaint; **DEFENDANTS 141-160**, whether singular or plural, plaintiff hereby intending to designate the entity or entities, including persons who failed to properly treat and care for plaintiff so that he did not become dehydrated, have sepsis and/or an infection on his ankle/foot; **DEFENDANTS 161-180**, whether singular or plural, plaintiff hereby intending to designate the entity or entities, including persons who or which had a duty to supervise and monitor the care administered to Plaintiff; **DEFENDANTS 181-195**, whether singular or plural, plaintiff hereby intending to designate the entity or entities who had the duty to possess and exercise reasonable care, skill, and diligence relative to the diagnosis, care, and treatment of Plaintiff; **DEFENDANTS 196-210**, whether singular or plural, plaintiff hereby intending to designate the entity or entities who breached the standard of care relative to the diagnosis, care and treatment of Plaintiff; **DEFENDANTS 211-221**, whether singular or plural, plaintiff hereby intending to designate the entity or entities vicariously responsible for the acts and/or omissions of the person(s) who treated and cared for REBECCA BRADLEY; **DEFENDANTS 222-232**, whether singular or plural, that hospital, nursing home, clinic, or other health care facility which undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of said facility or their agents, employees, independent contractors, or representative which contributed to cause the injury of Plaintiff; **DEFENDANTS 233-244**, whether singular or plural, that entity which undertook to provide medical-diagnostic, rehabilitative, technical, or therapeutic services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to cause the injury of Plaintiff; **DEFENDANTS 245-255**, whether singular or plural, that medical partnership, professional association, or professional corporation which undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to cause the injury of Plaintiff; **DEFENDANTS 256-265**, whether singular or plural, that physician (including an intern, resident, or fellow) who, undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to cause the injury of Plaintiff; **DEFENDANTS 266-275**, whether singular or plural, that licensed, registered, or practical nurse who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to cause the injury of Plaintiff; **DEFENDANTS 276-285**, whether singular or plural, that medical services therapist, technician, or worker who undertook to provide services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to cause the injury of Plaintiff; **DEFENDANTS 286-295**, whether singular or plural, that student health care practitioner who undertook to provide services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause the injury of Plaintiff; **DEFENDANTS 296-305**, whether singular or plural, physicians' assistant who undertook to provide medical services to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of which contributed to cause the injury of Plaintiff; **DEFENDANTS 306-321**, whether singular or plural, that entity which designed or manufactured any device, equipment, or

pharmaceutical drug that contributed to cause the injury of Plaintiff on the occasion made the basis of this suit; **DEFENDANTS 322-331**, whether singular or plural, that entity which in anyway participated in any testing of any device, equipment or pharmaceutical drug which contributed to cause the injury of Plaintiff on the occasion made the basis of this suit; **DEFENDANTS 332-343**, whether singular or plural, that entity which had any role in the distribution of any equipment, device, or pharmaceutical drug which contributed to cause the injury of Plaintiff on the occasion made the basis of this suit; **DEFENDANTS 344-356**, whether singular or plural, that entity or those entities, who or which was the employer and/or independent contractor of any physician, nurse, student, intern, resident, fellow, therapist, technician, worker, practitioner, assistant, pharmacist, pharmacist in training, or anyone else responsible for the care, treatment, or monitoring of Plaintiff at the time of the occurrence made the basis of Plaintiff's complaint; **DEFENDANTS 357-365**, whether singular or plural, that entity or those entities who or which was the predecessor of any of the entities described above and/or any named defendant; **DEFENDANTS 366-400**, whether singular or plural, that person or those persons, that entity or those entities, other than those described above, whose torturous, outrageous, intentional, reckless, negligent, wanton, breach of contract, or other wrongful conduct of which contributed to cause the injuries to the Plaintiff made the basis of this lawsuit; **DEFENDANTS 401-425**, whether singular or plural, that entity or those entities who or which failed to properly train those employees, staff, or medical professionals who worked at South Haven Nursing Home; **DEFENDANTS 426-440**, whether singular or plural, that person, who, as an owner, stockholder, partner, associate, employee, or agent of any of the fictitious parties who undertook to provide any health care or related service to Plaintiff on the occasion made the basis of this suit, the negligence, breach of contract, or other actionable conduct of whom contributed to cause the injury of Plaintiff; **DEFENDANTS 441-455**, whether singular or plural, that entity which, concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party defendants; **DEFENDANTS 456-465**, whether singular or plural, that entity which is the successor-in-interest of the named or above-described fictitious party defendants; **DEFENDANTS 466-480**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named or fictitious party defendants listed or named herein; **DEFENDANTS 481-510**, whether singular or plural, plaintiff hereby intending to designate the entity or entities responsible for the legal wrongs complained of in the complaint; **DEFENDANT 511-524**, whether singular or plural, plaintiff hereby intending to designate the entity, entities, or individual(s) who are the owners and/or operators of any organization, business and/or medical service provider responsible for the legal wrongs complained of in the complaint; **DEFENDANT 525-535**, whether singular or plural, plaintiff hereby intending to designate the facility administrator who failed to hire adequate and competent staff, provide sufficient supplies and/or failed in any other way to properly run and manage said health facility so that it could meet requirements set by state and federal law and/or provide health care and treatment where the patient was properly assessed, evaluated, and timely treated both in a preventative and rehabilitative nature; **DEFENDANT 536-545**, whether singular or plural, plaintiff hereby intending to designate the director of nursing who failed to properly monitor, treat and care for plaintiff and/or provide ample, competent staff to do same; **DEFENDANTS 546-555**, whether singular or plural,

3

plaintiff is intending to designate that individual or individual, entity or entities that failed to administer medication to the plaintiff as prescribed; **DEFENDANTS 556-600,** whether singular or plural, any and all unidentified entities who have assumed the liabilities of South Haven Nursing Home by way of merger or other corporate transactions; **DEFENDANT 601,** whether singular or plural, Plaintiff hereby intending to designate the entity which is the correct legal description of the entity described or referred to as South Haven Nursing Home; **DEFENDANT 602,** whether singular or plural, Plaintiff hereby intending to designate the entity which is the correct legal description of the entity described or referred to as SAVASENIORCARE, INC.; **DEFENDANT 603,** whether singular or plural, Plaintiff hereby intending to designate the entity which is the correct legal description of the entity described or referred to as SAVASENIORCARE, L.L.C.; **DEFENDANT 604,** whether singular or plural, Plaintiff hereby intending to designate the entity which is the correct legal description of the entity described or referred to as SAVASENIORCARE ADMINISTRATIVE SERVICES, L.L.C.; **DEFENDANT 605,** whether singular or plural, Plaintiff hereby intending to designate the entity which is the correct legal description of the entity described or referred to as NATIONAL SENIOR CARE, INC.; **DEFENDANT 606,** whether singular or plural, Plaintiff hereby intending to designate the entity which is the correct legal description of the entity described or referred to as SSC BIRMINGHAM OPERATING COMPANY, L.L.C. D/B/A SOUTH HAVEN NURSING HOME HEALTH AND REHABILITATION CENTER; **DEFENDANT 607,** whether singular or plural, Plaintiff hereby intending to designate the entity which is the correct legal description of the entity described or referred to as CANYON SUDAR PARTNERS, L.L.C.; **DEFENDANT 608,** whether singular or plural, Plaintiff hereby intending to designate the entity which is the correct legal description of the entity described or referred to as TRECY MILHOUSE; **DEFENDANT 609,** whether singular or plural, Plaintiff hereby intending to designate the entity which is the correct legal description of the entity described or referred to as SVCARE HOLDINGS, LLC; **DEFENDANT 610,** whether singular or plural, Plaintiff hereby intending to designate the entity which is the correct legal description of the entity described or referred to as SVCARE HOLDINGS, INC; **DEFENDANT 611,** whether singular or plural, Plaintiff hereby intending to designate the entity which is the correct legal description of the entity described or referred to as SSC EQUITY HOLDINGS, LLC; **DEFENDANT 612,** whether singular or plural, Plaintiff hereby intending to designate the entity which is the correct legal description of the entity described or referred to as SSC SUBMASTER HOLDINGS, LLC; **DEFENDANT 613,** whether singular or plural, Plaintiff hereby intending to designate the entity which is the correct legal description of the entity described or referred to as SSC SUBMASTER HOLDINGS II, LLC; **DEFENDANTS 615-640,** whether singular or plural, Plaintiff hereby intending to designate the entity or individual that has any ownership interest in South Haven Nursing Home and/or controls and/or manages said nursing home; Plaintiff avers that the identity of the fictitious party defendants herein is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time, their identify as proper party defendants is not known to plaintiff at this time, and their true names will be substituted by amendment when ascertained;

4

Defendants.                                    )
                                               )

## C O M P L A I N T

COMES NOW the Plaintiff, REBECCA BRADLEY by and through her next friend JUNE CARLTON, with his claims against the Defendants, both named and fictitious, as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, REBECCA BRADLEY, is an adult over the age of nineteen and who was a resident of SSC MONTGOMERY SOUTH HAVEN OPERATING COMPANY, LLC D/B/A SOUTH HAVEN HEALTH AND REHABILITATION CENTER (hereinafter "South Haven Nursing Home") located in Montgomery County at 1300 East South Boulevard, Montgomery, AL 36116.

2. Defendant, South Haven Nursing Home, is a company with its principal place of business at 1300 East South Boulevard, Montgomery, AL 36116 of which REBECCA BRADLEY was a resident. Upon information and belief, South Haven Nursing Home was and remains a corporation engaged in the for-profit custodial care of individuals who are infirm, mentally impaired, and in need of nursing care and treatment.

3. Upon information and belief, SSC MONTGOMERY SOUTH HAVEN OPERATING COMPANY, LLC D/B/A SOUTH HAVEN HEALTH AND REHABILITATION CENTER (herein listed as "South Haven Nursing Home"), is a

5

wholly owned subsidiary of the "Senior Care"/Canyon Sudar Enterprise.[1]   The Enterprise is liable for South Haven Nursing Home's misconduct as well as its own independent misconduct.

4.     Savaseniorcare Administrative Services, L.L.C. (hereinafter "Sava-Admin") is, upon information and belief, a foreign company doing business in Alabama, either directly and/or through South Haven Nursing Home, that, upon information and belief, supplied and/or otherwise provided administrative support services to South Haven Nursing Home including, but not limited to, controlling finances, billing, human resources, and marketing.

5.     Savaseniorcare, Inc., Savaseniorcare, L.L.C., SVCARE Holdings, L.L.C., SVCARE Holdings, Inc., SSC Equity Holdings, L.L.C., SSC Submaster Holdings, L.L.C., SSC Submaster Holdings II, L.L.C., and National Senior Care, Inc. are, upon information and belief, all foreign corporations doing business in Alabama, either directly and/or through South Haven Nursing Home.  Upon information and belief,

---

[1] This is plaintiff's terminology given to the series of companies formed for the ultimate purpose of generating revenue and/or profits for the "Senior Care"/Canyon Sudar Enterprise (however designated or named) – which includes all named defendants – and/or for shielding Canyon Sudar Partners, L.L.C., National Senior Care, L.L.C., Savaseniorcare, L.L.C., SVCARE Holdings, LLC, SVCARE Holdings, Inc., SSC Equity Holdings, LLC, SSC Submaster Holdings, LLC, SSC Submaster Holdings II, LLC and/or Savaseniorcare, Inc. from liability.  Upon information and belief, Savaseniorcare Administrative Services, L.L.C. and SSC Montgomery South Haven Operating Company, LLC d/b/a South Haven Health and Rehabilitation Center (herein "South Haven Nursing Home") operated under the control, authority, management and/or for the benefit of defendants Canyon Sudar Partners, L.L.C., National Senior Care, L.L.C., Savaseniorcare, L.L.C., SVCARE Holdings, LLC, SVCARE Holdings, Inc., SSC Equity Holdings, LLC, SSC Submaster Holdings, LLC, SSC Submaster Holdings II, LLC and/or Savaseniorcare, Inc. The existence of multiple entities within the Enterprise, which all have the same ultimate goal – to generate a profit or otherwise benefit the Enterprise – are a mechanism employed by the defendants in an attempt to shield the ultimate head parent company or companies, who receive(s) and/or benefit(s) from the profits generated by South Haven Nursing Home, from liability for their actions.  In fact, defendants' actions are nothing more than a "shell game," where they attempt to subdivide their liability to asset-less companies in an attempt to avoid liability for their actions, while simultaneously reaping profits and/or revenue streams generated by the Enterprise.

these entities owned, operated and/or otherwise controlled Sava-Admin and South
Haven Nursing Home.

6.      Canyon Sudar Partners, L.L.C. (hereinafter "CSP"), upon information and belief, is
the parent company of the defendants listed in (b) and (c) above. As the parent
company, CSP owned, operated and/or otherwise controlled the entire "Senior
Care"/Canyon Sudar Enterprise. As a result, upon information and belief, CSP is a
foreign corporation doing business in Alabama either directly and/or through South
Haven Nursing Home. Furthermore, CSP, as the parent company, is directly liable
for South Haven Nursing Home's misconduct as well as its own independent
misconduct.

7.      All of the aforesaid entities, upon information and belief, are part of the "Senior
Care"/Canyon Sudar Enterprise, and as such, each individually and/or jointly had a
responsibility to provide proper care and treatment to REBECCA BRADLEY and/or
ensure that South Haven Nursing Home did so. Therefore, all are liable for South
Haven Nursing Home's misconduct as well as their own independent misconduct.

8.      Upon information and belief, TRECY MILHOUSE (hereinafter "Milhouse") was
the administrator of South Haven Nursing Home during and/or before the residency
of plaintiff at said facility. As said administrator, defendant Milhouse was charged
with the management of said facility, including but not limited to ensuring proper
and timely delivery of treatment and care by the employees, independent contractors
and/or staff of said facility. Moreover, Milhouse, upon information and belief, was
charged, in whole or in part, with the hiring, retention and/or training of employees
and staff at said facility. Included in this charge, upon information and belief, Ms.

Milhouse had the duty to evaluate employees, medical professionals and/or staff at South Haven Nursing Home on a daily, monthly, quarterly, semi-annual and/or annual basis. Further, Ms. Milhouse, upon information and belief, was charged with ensuring that all employees, independent contractors and/or staff followed all policies, procedures, rules and/or guidelines governing the provision of treatment and care to residents and/or the actions of employees, independent contractors, medical professionals and/or staff at South Haven Nursing Home.

9.     At all relevant times mentioned herein, the corporate and nursing home Defendants, both named and fictitious, owned, operated, and controlled the nursing facility, either directly or through the agency of each other and other diverse subalterns, agents, subsidiaries, servants, or employees. The actions of these Defendants and each of its agents, subsidiaries, servants, and employees as set forth herein are imputed to each of these Defendants, jointly and severally.

10.     Further, the Defendants, both named and fictitious, discharged their obligations of care to REBECCA BRADLEY with a conscious disregard for his rights and safety. At all times mentioned herein, Defendants, through their corporate officers and administrators, had knowledge of, ratified and otherwise authorized all of the acts or omissions that caused the injuries suffered by REBECCA BRADLEY including the hiring and retention of unqualified and untrained nursing staff, as more fully set forth below. Defendants knew that at South Haven Nursing Home, due to poor staffing levels, the nursing staff could not provide the minimum standard of care to the residents of the facility and, as a result, REBECCA BRADLEY'S health and well being deteriorated unnecessarily.

8

11.   At all times relevant herein, Defendants operated and managed their facilities so as to maximize profits by reducing the staffing levels and supplies below that needed to provide care to residents that would comply with federal and state regulations governing skilled nursing facilities. Specifically, Defendants, upon information and belief, knowingly and with reckless disregard for the consequences of their actions caused the staffing levels and supplies to be set at a level where the personnel on duty at any given time could not reasonably attend to the needs of their respective assigned residents, such as way of example, only, assisting with feeding and liquid intake, assisting with toileting, cleaning, bathing, and repositioning residents. Defendants, upon information and belief, knowingly established staffing levels that created high nurse/resident ratios and disregarded the minimum time required for personnel to perform the essential functions of the job. All of these acts of malfeasance directly caused injury to REBECCA BRADLEY, and were known, upon information and belief, to all Defendants and their corporate officers and administrators. The acts and omissions of Defendants were motivated by a desire to increase the profitability of South Haven Nursing Home by reducing expenditures needed for staff, training, supervision, supplies, and care to levels that would predictably lead to severe injury and pain and suffering to REBECCA BRADLEY.

## FACTS COMMON TO ALL COUNTS

12.   The Plaintiff, REBECCA BRADLEY, was a patient/resident of South Haven Nursing Home and one or more of the fictitious parties listed and described in the caption hereinabove, who undertook to and did provide medical services to the

9

Plaintiff.

13.   On or about January 9, 2013, due to the lack of proper care, treatment and attention given by Defendants, Plaintiff fell and broke her hip.

14.   During said period of time, and at said place, said defendants, and all fictitiously listed defendants, negligently, wantonly, and/or willfully provided care and treatment to Plaintiff, REBECCA BRADLEY.  As a consequence of said negligent, wanton, and/or willful conduct, REBECCA BRADLEY was caused to be injured and damaged as set out below:

    a.  Plaintiff was caused to be seriously injured;

    b.  Plaintiff was caused to expend large sums of money in the nature of doctor, hospital, drug and other medical expenses in and about an effort to heal and cure and injuries;

    c.  Plaintiff has experienced considerable pain and suffering;

    d.  Plaintiff has suffered mental anguish and emotional distress due to his injuries; and

    e.  Plaintiff has suffered a permanent injury.

**COUNT ONE**
**NEGLIGENCE AND/OR WANTONNESS**
**(Against all Defendants)**

15.   Plaintiff hereby adopts all of the previous facts and factual averments contained in paragraphs numbered 1 through 14 and incorporates them by reference herein.

16.   At the aforesaid time and place and for some time prior thereto, Defendants', including Fictitious Party Defendants, care for Plaintiff fell below the applicable

standard of care, and negligently and/or wantonly caused the injuries herein with Plaintiff, and said conduct was the proximate cause of Plaintiff's injuries as described herein.

WHEREFORE, Plaintiff, REBECCA BRADLEY, demands judgment against **all Defendants and Fictitious Defendants Numbered One through Six Hundred and Forty** jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff, REBECCA BRADLEY, for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT TWO
## NEGLIGENT AND/OR WANTON SUPERVISION OR TRAINING
### (Against all Defendants)

17. Plaintiff hereby adopts all of the previous factual averments contained in paragraphs numbered 1- 16 and incorporates them by reference herein.

18. Defendants negligently and/or wantonly failed to supervise and/or train their employees, staff, or medical professionals.

19. Defendants' negligent and/or wanton failure included, but was not limited to, the failure to train their employee, staff or medical professional in proper procedures to ensure that patients were cared for and treated properly.

20. Defendant served as the employer and/or master of their employee, staff, or medical professional who negligently and/or wantonly cared and treated for Plaintiff.

21. Such conduct was the proximate cause of Plaintiff's injuries.

11

WHEREFORE, Plaintiff, REBECCA BRADLEY, demands judgment against **all Defendants and Fictitious Defendants Numbered One through Six Hundred and Forty** jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff, REBECCA BRADLEY, for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

### COUNT THREE
### NEGLIGENT AND/OR WANTON RETENTION
### (Against all Defendants)

22.   Plaintiff hereby adopts all of the previous factual averments contained in paragraphs numbered 1-21 and incorporates them by reference herein.

23.   Defendants negligently and/or wantonly retained their employees, staff, or medical professionals who negligently and/or wantonly cared for Plaintiff.

24.   Defendants' employees, staff, or medical professionals were unfit employees and/or independent contractors, but Defendants continued to employ and/or request the services of said employees, staff, or medical professionals.

25.   Such conduct was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, REBECCA BRADLEY, demands judgment against **all Defendants and Fictitious Defendants Numbered One through Six Hundred and Forty** jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff, REBECCA BRADLEY, for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT FOUR
## NEGLIGENT AND/OR WANTON HIRING
### (Against all Defendants)

26.     Plaintiff hereby adopts all of the previous factual averments contained in paragraphs numbered 1-25 and incorporates them by reference herein.

27.     Defendants negligently and/or wantonly hired and/or contracted with their employee, staff, or medical professional by failing to ensure that they were qualified and/or otherwise fit to occupy the position (i.e., carry out the responsibilities) for which they were charged.

28.     Defendants negligently and/or wantonly disregarded the consequences of such failure to hire and/or contract with a qualified employee, staff, or medical professional.

29.     Such conduct was the proximate cause of Plaintiff's injuries.

        WHEREFORE, Plaintiff, REBECCA BRADLEY, demands judgment against **all Defendants and Fictitious Defendants Numbered One through Six Hundred and Forty** jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff, REBECCA BRADLEY, for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT FIVE
## VICARIOUS LIABILITY
### (Against all Defendants)

30.   Plaintiff hereby adopts all of the previous factual averments contained in paragraphs numbered 1-29 and incorporates them by reference herein.

31.   Defendants served as the employer and/or master of their employees, staff, or medical professionals.

32.   Defendants have vicarious liability for the acts and omissions of all persons or entities under Defendants' control either directly or indirectly, including their employees, agents, consultants, medical directors, and independent contractors, whether in-house or outside entities, individuals, agencies or pools causing or contributing to the injuries of REBECCA BRADLEY.

33.   Further, Defendants' employees, staff or medical professionals were in the line and scope of employment when they rendered medical care and attention to Plaintiff.

34.   Additionally, negligent and/or wanton acts of Defendants' employees, staff, or medical professionals performed in their attempt to render medical care and attention to Plaintiff were ratified by Defendants.

35.   Defendants are vicariously liable for the acts of their employees, staff, or medical professionals.

36.   Such conduct was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, REBECCA BRADLEY, demands judgment against **all Defendants and Fictitious Defendants Numbered One through Six Hundred and**

**Forty** jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff, REBECCA BRADLEY, for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

**COUNT SIX**
**MEDICAL NEGLIGENCE AND/OR WANTONNESS**
**(Against all Defendants)**

37.    Plaintiff hereby adopts all of the previous factual averments contained in paragraphs numbered 1 – 36 and incorporates them by reference herein.

38.    Defendant South Haven Nursing Home is a nursing home that had REBECCA BRADLEY as a patient/resident.

39.    Defendants' employees, staff, or medical professionals knew and/or in the exercise of reasonable care had reason to know that REBECCA BRADLEY needed to be treated and cared for properly.

40.    Defendants' employees, staff or medical professionals, however, did not properly treat and care for their patient, REBECCA BRADLEY.

41.    Defendants had a legal duty to possess and exercise that same degree of care, skill, and diligence commonly possessed and exercised by the same or similarly situated medical centers practicing medicine within the national medical community under the same facts and circumstances as set out above as well as to those requirements established by state and federal law.  Defendants owed the following, but not limited to the following, duties of care to Plaintiff:

a)    To properly treat and care for REBECCA BRADLEY;

b)  To provide employees, staff, and/or medical professionals trained in the proper manner to care for and treat patients;

c)  To properly monitor the actions of employees, staff, and/or medical professionals;

d)  To employ personnel, staff and/or medical professionals who understand proper procedures to be followed when attempting to give care and assistance to a patient;

e)  To provide adequate staffing so that REBECCA BRADLEY receive appropriate care and treatment;

f)  To properly evaluate a patient's mental and physical health and to ensure that any needs which are shown by evaluation are met while a patient is in their care;

g)  To properly and routinely assess and/or evaluate the needs of REBECCA BRADLEY and to provide appropriate care and treatment to meet those needs;

h)  To develop care plans in accordance with the Statutes of the State of Alabama, regulations of the Alabama Department of Health, and federal regulations as set forth in the code of federal regulations, e.g., 42 C.F.R. § 483.20;

i)  To report and investigate physical symptoms and/or problems;

j)  To properly and timely notify the attending physician of REBECCA BRADLEY of significant changes in Ms. BRADLEY'S physical condition;

k)  To properly address physical symptoms and/or problems;

l)  To ensure that proper infection control techniques were used to prevent infections and/or bacteria;

m)  To follow doctors orders;

n)  To administer prescribed treatment;

o)  To properly monitor the intake and urine output of plaintiff;

p)  To perform proper physical assessments of REBECCA BRADLEY;

q)   To provide adequate supervision and/or adequate nursing staff to ensure that REBECCA BRADLEY received adequate and proper nutrition, fluids, therapeutic diet, sanitary care, treatments, medications, repositioning, turning, and skin care;

r)   To adopt guidelines, policies and procedures for determining whether sufficient numbers of nursing personnel, which includes nurses, license practical nurses, certified nursing assistants, medication assistants and other staff to:

1.   Meet the needs of residents who are admitted to or remain in the facility;

2.   Meet the total nursing needs of residents;

3.   Place a moratorium on admissions when sufficient staff was not available to properly care and treat the residents already admitted.

42.   Defendants, negligently breached the standard of care for similarly situated healthcare providers by the following, but not limited to the following, actions or inactions:

a)   By failing to properly treat and care for REBECCA BRADLEY;

b)   Failing to employ personnel, staff, and/or medical professionals trained in the proper manner to care and treat patients;

c)   Failing to properly monitor the actions of their employees, staff, and/or medical professionals;

d)   Failing to provide employees, staff, and/or medical professionals the proper training so that they would know the proper procedures to follow when attempting to give care and assistance to a patient and/or when evaluating or assessing a patient;

e)   Failing to provide adequate and competent staff;

f)   Failing to properly evaluate the physical and mental health of REBECCA BRADLEY and to develop a care plan that sufficiently and/or adequately addressed his health needs;

17

g) Failing to properly and routinely assess and/or evaluate the needs of REBECCA BRADLEY and to provide appropriate care and treatment to meet those needs;

h) Failing to develop care plans in accordance with Statutes of the State of Alabama, regulations of the Alabama Department of Health, and federal regulations as set forth in the code of federal regulations, e.g., 42 C.F.R. § 483.20;

i) Failing to report and investigate physical symptoms and/or problems;

j) Failing to properly and timely notify the attending physician of REBECCA BRADLEY of significant changes in Ms. BRADLEY'S physical condition;

k) Failing to properly address physical symptoms and/or problems;

l) Failing to follow doctors orders;

m) Failing to administer prescribed treatment;

n) Failing to properly monitor the intake and urine output of plaintiff;

o) Failing to perform proper physical assessments of REBECCA BRADLEY;

p) Further, Defendants failed to provide adequate supervision and/or adequate nursing staff to ensure that REBECCA BRADLEY received adequate and proper care and assistance with toileting;

q) Failing to adopt guidelines, policies and procedures for determining whether sufficient numbers of nursing personnel, which includes nurses, license practical nurses, certified nursing assistants, medication assistants and other staff to:

4. Meet the needs of residents who are admitted to or remain in the facility;

5. Meet the total nursing needs of residents;

6. Place a moratorium on admissions when sufficient staff was not available to properly care and treat the residents already admitted.

43.     As a direct result of the above-described negligent or wanton actions and/or inactions of the defendants, both named and unnamed, Plaintiff was injured.

WHEREFORE, Plaintiff, REBECCA BRADLEY, demands judgment against **all Defendants and Fictitious Defendants Numbered One through Six Hundred and Forty** jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff, REBECCA BRADLEY, for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT SEVEN
## NEGLIGENCE AND/OR WANTONNESS OF NURSING HOME ADMINISTRATOR
## (Against Trecy Milhouse)

44.     Plaintiff hereby adopts all of the previous factual averments contained in paragraphs numbered 1 – 43 and incorporates them by reference herein.

45.     Defendant MILHOUSE served as the Nursing Home Administrator for Defendant South Haven Nursing Home during the time Plaintiff was a resident.

46.     Defendant MILHOUSE knew and/or in the exercise of reasonable care had reason to know that personnel[2] at South Haven Nursing Home were not following policies and procedures, and therefore, these personnel posed a risk that a resident would not receive proper care and treatment.

47.     Further, Defendant MILHOUSE knew and/or in the exercise of reasonable care had reason to know that personnel at South Haven Nursing Home should not be retained if they failed to follow policies and procedures and/or demonstrated other

---

[2] Also known as employees, staff and/or medical professionals.

acts of non-compliance, defiance, disruptive behavior and/or lack of respect to patients and/or personnel at South Haven Nursing Home.

48.   Defendant MILHOUSE had a legal duty to possess and exercise that same degree of care, skill and diligence commonly possessed and exercised by the same or similarly situated nursing home administrator serving as administrator of a medical facility within the national medical community under the same facts and circumstances as set out above.  Defendant MILHOUSE owed the following, but not limited to the following, duties of care to Plaintiff:

a.  To ensure that only properly qualified and trained medical professionals, staff and/or employees were employed by South Haven Nursing Home;

b.  To ensure that only those medical professionals, staff and employees who were properly qualified and trained were retained by South Haven Nursing Home;

c.  To ensure that only and those medical professionals, staff and employees who followed policies and procedures governing their actions, duties and/or responsibilities while at South Haven Nursing Home were retained by South Haven Nursing Home;

d.  To properly supervise medical professionals, staff and/or employees at South Haven Nursing Home;

e.  To ensure that medical professionals, staff and/or employees received proper updates to their training to ensure that they were knowledgeable about the recent advances in technology, medicine, and/or proper provision of treatment and/or care.

49.   Defendant MILHOUSE, negligently breached the standard of care for similarly situated administrators by the following, but not limited to the following, actions or inactions:

a.  Failing to ensure that only qualified and trained medical professionals, staff and/or employees were employed by South Haven Nursing Home;

b. Failing to ensure that only qualified and trained medical professionals, staff and/or employees were retained by SOUTH HAVEN NURSING HOME;

c. Failing to ensure that only those medical professionals, staff and/or employees who followed policies and procedures governing their duties, actions and/or responsibilities were retained by SOUTH HAVEN NURSING HOME;

d. Failing to properly supervise medical professionals, staff and/or employees at SOUTH HAVEN NURSING HOME;

e. Failing to ensure that medical professionals, staff and/or employees received proper updates to their training to ensure that residents received proper care and treatment.

50.   As a direct result of the above-described negligent or wanton actions and/or inactions of the defendants, both named and unnamed, Plaintiff was injured.

WHEREFORE, Plaintiff, REBECCA BRADLEY, demands judgment against **all Defendants and Fictitious Defendants Numbered One through Six Hundred and Forty** jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff, REBECCA BRADLEY, for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT EIGHT
## FICTITIOUS PARTIES

51.   Plaintiff hereby adopts all of the previous factual averments contained in paragraphs numbered 1 through 50 and incorporates them by reference herein.

52.   This Count of the Complaint is a fictitious party count. Those Defendants liable under this Count are those Defendants who or which are liable to the Plaintiff under any theory of law advanced in the Complaint or in any amended Complaint

and include those Defendants which Plaintiff has attempted to described in the style or caption of this Complaint. These Defendants are otherwise unknown at this time but will be added by amendment when ascertained.

WHEREFORE, Plaintiff, REBECCA BRADLEY, demands judgment against **all Defendants and Fictitious Defendants Numbered One through Six Hundred and Forty** jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff, REBECCA BRADLEY, for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

/s/ Greg W. Foster
GREG W. FOSTER (FOS-024)
Attorney for the Plaintiff

**OF COUNSEL:**

STEWART AND STEWART, P.C.
1826 3rd Avenue North, Suite 300
The Realty Building
Bessemer, AL 35020
Tel. (205) 425-1166
Fax (205) 425-5959
greg@stewartandstewart.net

**PLEASE SERVE DEFENDANTS WITH A COPY OF THE SUMMONS AND COMPLAINT AS FOLLOWS:**

SSC MONTGOMERY SOUTH HAVEN OPERATING COMPANY LLC D/B/A SOUTH HAVEN HEALTH AND REHABILITATION
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL  36104

SSC BIRMINGHAM OPERATING COMPANY L.L.C. D/B/A SOUTH HAVEN NURSING HOME HEALTH AND REHABILITATION CENTER
VIA REGISTERED AGENT: The Corporation Company
2000 Interstate Park Dr. Ste 204
Montgomery, AL 36109

SAVASENIORCARE, L.L.C.
VIA REGISTERED AGENT: Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

SAVASENIORCARE, INC.
VIA REGISTERED AGENT: Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

SAVASENIORCARE ADMINISTRATIVE SERVICES, L.L.C.
VIA REGISTERED AGENT: Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

NATIONAL SENIOR CARE, INC.
VIA REGISTERED AGENT: Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CANYON SUDAR PARTNERS, L.L.C.
VIA REGISTERED AGENT: Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

MS. TRECY MILHOUSE
Administrator
South Haven Health and Rehabilitation Center
1300 East South Boulevard
Montgomery, AL  36116

SVCARE HOLDINGS, LLC
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE  19801

SVCARE HOLDINGS, Inc.
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE  19801

SSC EQUITY HOLDINGS, LLC
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE  19801

SSC SUBMASTER HOLDINGS, LLC
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE  19801

SSC SUBMASTER HOLDINGS, II, LLC
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE  19801